UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER PEETE,

  Plaintiff,

  v.

CITY OF DETROIT, ET AL.,

  Defendants.

_____/

Case No. 20-cv-12872

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING DEFENDANT CITY OF DETROIT POLICE DEPARTMENT'S PARTIAL MOTION TO DISMISS [#3]**

**I. INTRODUCTION**

On June 29, 2020, Plaintiff Walter Peete ("Plaintiff") initiated this action against Defendants Officer Brent, Officer Danescu, Officer Marroquin, the City of Detroit, and the City of Detroit Police Department in the Wayne County Third Circuit Court. *See* ECF No. 1, PageID.7. The City of Detroit and City of Detroit Police Department removed the case to this Court on October 27, 2020. *See id.* The Complaint alleges that the Defendant Officers infringed on Plaintiff's constitutional rights and violated state law following an encounter on February 2, 2018. *See id.* at PageID.9.

Presently before the Court is Defendant City of Detroit Police Department's Partial Motion to Dismiss, filed on November 4, 2020. ECF No. 3. Plaintiff never

filed a Response to Defendant's Motion, and the time to do so has expired. *See* E.D. Mich. L.R. § 7.1(e)(1)(B). Upon review of Defendant's submission, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons that follow, the Court will GRANT the Defendant City of Detroit Police Department's Partial Motion to Dismiss [#3].

## II. FACTUAL BACKGROUND

On February 2, 2018, Plaintiff Walter Peete was walking along Eight Mile Road in Detroit, Michigan when he was approached by three Detroit Police Department officers in an unmarked police vehicle. *See* ECF No. 1, PageID.9. Plaintiff alleges that the police officers did not identify themselves when they asked him to stop walking, and thus "Plaintiff, fearing for his life[,] began to lawfully run away from the Defendants." *Id.* A scuffle ensued between Plaintiff and the Defendant officers. *Id.* As Plaintiff attempted to run away once more, Defendants shot Plaintiff twelve times. *Id.* at PageID.10. Plaintiff states that he "was mortally wounded and will require special medical and psychological treatment for the rest of his life" as a result. *Id.*

Plaintiff's Complaint brings five federal and state claims against Defendants, including a violation of the Fourth Amendment, a *Monell* municipal liability claim, gross negligence, negligence, and negligent infliction of emotional distress. *Id.* at

PageID.11-17. The City of Detroit and the City of Detroit Police Department

removed the action to this Court on October 27, 2020. *Id.* at PageID.1. As of the

date of this Order, the Defendant Officers Brent, Danescu, and Marroquin have not

been served by Plaintiff. The City of Detroit Police Department now moves for

partial dismissal from this action.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss. The

court must construe the complaint in favor of the plaintiff, accept the allegations of

the complaint as true, and determine whether plaintiff's factual allegations present

plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a

complaint must "allege enough facts to make it plausible that the defendant bears

legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The

facts need to make it more than "merely possible that the defendant is liable; they

must make it plausible." *Id.* "Bare assertions of legal liability absent some

corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed

"if the facts as alleged are insufficient to make a valid claim or if the claim shows

on its face that relief is barred by an affirmative defense." *Riverview Health Inst.,*

*LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Further, when a plaintiff fails to file a response to a motion to dismiss, his

claims may be deemed abandoned. *Williams v. Chase Bank*, No. 15-10565, 2015

WL 4600067, at *3 (E.D. Mich. July 29, 2015) (citing *Bazinski v. JPMorgan Chase Bank, N.A.*, 2014 WL 1405253, *1–2 (E.D. Mich. 2014)). A plaintiff's failure to respond "means that the Court could simply grant the motion as unopposed." *Id.* (citing *Wheeler v. Long Beach Mortg. Co.*, 2015 WL 1637619, *2 (E.D. Mich. 2015)). Nevertheless, this Court has independently examined the statements in both Plaintiff's Complaint and the present Motion and has determined that dismissal of the City of Detroit Police Department is appropriate for the reasons that follow.

## IV. DISCUSSION

Under Michigan law, "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Haverstick Enterprises, Inc., v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994) (dismissing plaintiff's claims against the police department because it is a creature of the municipality and may not be sued independently); *see also Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("Van Buren Township Police Department is subsumed within the Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."). As such, Plaintiff erroneously brought his claims against the City of Detroit Police Department, which cannot be sued as a separate municipal entity. It is therefore entitled to dismissal from the instant action.

## V. CONCLUSION

Accordingly, Defendant City of Detroit Police Department's Partial Motion

to Dismiss [#3] is **GRANTED**.

**IT IS SO ORDERED.**


s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  May 28, 2021


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 28, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager